1  **HANDAL & ASSOCIATES**
   Anton N. Handal, Esq., State Bar No. 113812
2  Gabriel G. Hedrick Esq., State Bar No.  220649
   Pamela C. Chalk, Esq., State Bar No. 216411
3  Civic Center Plaza
   1200 3rd Avenue, Suite 1321
4  San Diego, CA  92101
   Telephone:     (619) 544-6400
5  Facsimile:     (619) 696-0323
   Email:        anh@handal-law.com
6                ghedrick@handal-law.com
                 pchalk@handal-law.com
7
   Attorneys for Defendants Imation Corporation, Imation
8  Enterprises Corporation, and Memorex Products, Inc.

9

10

11              **UNITED STATES DISTRICT COURT**

12            **SOUTHERN DISTRICT OF CALIFORNIA**

13  MULTIMEDIA PATENT TRUST          CASE NO.: 09-cv-278-H-CAB

14            Plaintiff,

15       vs.

16                                   **ANSWER AND COUNTERCLAIMS OF**
                                     **DEFENDANTS IMATION**
17  DIRECTV, INC., DIRECTV           **CORPORATION, IMATION**
    ENTERPRISEES, LLC, THE DIRECTV   **ENTERPRISES CORPORATION, AND**
    GROUP, INC., DIRECTV HOLDINGS, LLC, **MEMOREX PRODUCTS, INC.**
18  DIRECTV OPERATIONS, LLC,

19  DISH DBS CORPORATION, DISH
    NETWORK CORPORATION, DISH
20  NETWORK, LLC, ECHOSTAR           **Judge: Hon. Marilyn L. Huff**
    CORPORATION, ECHOSTAR ORBITAL    **Magistrate Judge: Hon. Cathy Ann**
21  CORPORATION, ECHOSTAR            **Bencivengo**
    TECHNOLOGIES, LLC,               _____
22
    IMATION CORPORATION, IMATION
23  ENTERPRISES CORPORATION,
    MEMOREX PRODUCTS, INC.,
24
    PIONEER CORPORATION, PIONEER
25  ELECTRONICS TECHNOLOGY, INC.,
    PIONEER ELECTRONICS (USA), INC.,
26
    POLYCOM, INC.,
27
    PROVIEW ELECTRONICS CO., LTD.,
28  PROVIEW INTERNATIONAL HOLDINGS,

1   LTD., PROVIEW TECHNOLOGY, INC.,
    PROVIEW TECHNOLOGY (SHENZHEN)
2   CO., LTD.,

3   VIZIO, INC.

4   WESTINGHOUSE DIGITAL
    ELECTRONICS, LLC,
5
                    Defendants.
6

7

8          Defendants IMATION CORPORATION, IMATION ENTERPRISES CORPORATION,

9   and MEMOREX PRODUCTS, INC. (hereinafter the "Defendants" or "Imation Defendants")

10  respectfully answers the complaint for patent infringement (the "Complaint") filed by plaintiff

11  MULTIMEDIA PATENT TRUST (hereinafter "Plaintiff" or "MPT") as follows:

12                              **THE PARTIES**

13         1.      Defendants lack knowledge or information sufficient to form a belief as to the truth

14  of the allegations in Paragraph 1 of the Complaint and, on that basis, deny the same.

15         2.      Defendants lack knowledge or information sufficient to form a belief as to the truth

16  of the allegations in Paragraph 2 of the Complaint and, on that basis, deny the same.

17         3.      Defendants lack knowledge or information sufficient to form a belief as to the truth

18  of the allegations in Paragraph 3 of the Complaint and, on that basis, deny the same.

19         4.      Defendants lack knowledge or information sufficient to form a belief as to the truth

20  of the allegations in Paragraph 4 of the Complaint and, on that basis, deny the same.

21         5.      Defendants lack knowledge or information sufficient to form a belief as to the truth

22  of the allegations in Paragraph 5 of the Complaint and, on that basis, deny the same.

23         6.      Defendants lack knowledge or information sufficient to form a belief as to the truth

24  of the allegations in Paragraph 6 of the Complaint and, on that basis, deny the same.

25         7.      Defendants lack knowledge or information sufficient to form a belief as to the truth

26  of the allegations in Paragraph 7 of the Complaint and, on that basis, deny the same.

27         8.      Defendants lack knowledge or information sufficient to form a belief as to the truth

28  of the allegations in Paragraph 8 of the Complaint and, on that basis, deny the same.

1       9.     Defendants lack knowledge or information sufficient to form a belief as to the truth

2   of the allegations in Paragraph 9 of the Complaint and, on that basis, deny the same.

3       10.    Defendants lack knowledge or information sufficient to form a belief as to the truth

4   of the allegations in Paragraph 10 of the Complaint and, on that basis, deny the same.

5       11.    Defendants lack knowledge or information sufficient to form a belief as to the truth

6   of the allegations in Paragraph 11 of the Complaint and, on that basis, deny the same.

7       12.    Defendants lack knowledge or information sufficient to form a belief as to the truth

8   of the allegations in Paragraph 12 of the Complaint and, on that basis, deny the same.

9       13.    Defendants admit the allegations contained in Paragraph 13 of the Complaint.

10       14.    Defendants admit the allegations contained in Paragraph 14 of the Complaint.

11       15.    Defendants admit that Memorex Products, Inc. is a corporation organized under the

12   laws of the State of California.  Except as expressly admitted, Defendants deny the remainder of the

13   allegations contained in Paragraph 15.

14       16.    Defendants lack knowledge or information sufficient to form a belief as to the truth

15   of the allegations in Paragraph 16 of the Complaint and, on that basis, deny the same.

16       17.    Defendants lack knowledge or information sufficient to form a belief as to the truth

17   of the allegations in Paragraph 17 of the Complaint and, on that basis, deny the same.

18       18.    Defendants lack knowledge or information sufficient to form a belief as to the truth

19   of the allegations in Paragraph 18 of the Complaint and, on that basis, deny the same.

20       19.    Defendants lack knowledge or information sufficient to form a belief as to the truth

21   of the allegations in Paragraph 19 of the Complaint and, on that basis, deny the same.

22       20.    Defendants lack knowledge or information sufficient to form a belief as to the truth

23   of the allegations in Paragraph 20 of the Complaint and, on that basis, deny the same.

24       21.    Defendants lack knowledge or information sufficient to form a belief as to the truth

25   of the allegations in Paragraph 21 of the Complaint and, on that basis, deny the same.

26       22.    Defendants lack knowledge or information sufficient to form a belief as to the truth

27   of the allegations in Paragraph 22 of the Complaint and, on that basis, deny the same.

28       23.    Defendants lack knowledge or information sufficient to form a belief as to the truth

*ANSWER AND COUNTERCLAIMS OF IMATION CORP., IMATION*   Case No. 09-cv-278-H-CAB
*ENTERPRISES CORP., AND MEMOREX PRODUCTS, INC.*

1  of the allegations in Paragraph 23 of the Complaint and, on that basis, deny the same.

2      24.    Defendants lack knowledge or information sufficient to form a belief as to the truth

3  of the allegations in Paragraph 24 of the Complaint and, on that basis, deny the same.

4      25.    Defendants lack knowledge or information sufficient to form a belief as to the truth

5  of the allegations in Paragraph 25 of the Complaint and, on that basis, deny the same.

6                    **JURISDICTION AND VENUE**

7      26.    Defendants admit that the Complaint purports to be an action for patent infringement

8  arising under the United States patent statutes, 35 U.S.C. §1, *et seq.*  Except as expressly admitted,

9  Defendants deny each and every allegation contained in Paragraph 26 of the Complaint.

10     27.    Defendants admit this Court has jurisdiction over the subject matter of this action.

11 Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 27

12 of the Complaint.

13     28.    Defendants lack knowledge or information sufficient to form a belief as to the truth

14 of the allegations in Paragraph 28 of the Complaint and, on that basis, deny the same.

15     29.    Defendants lack knowledge or information sufficient to form a belief as to the truth

16 of the allegations in Paragraph 29 of the Complaint and, on that basis, deny the same.

17     30.    Defendants admit that Defendant Memorex Products, Inc. is a corporation organized

18 under the laws of the State of California and has designated an agent for service of process in the

19 State of California.  Except as expressly admitted, Defendants deny each and every remaining

20 allegation contained in Paragraph 30 of the Complaint.

21     31.    Defendants lack knowledge or information sufficient to form a belief as to the truth

22 of the allegations in Paragraph 31 of the Complaint and, on that basis, deny the same.

23     32.    Defendants lack knowledge or information sufficient to form a belief as to the truth

24 of the allegations in Paragraph 32 of the Complaint and, on that basis, deny the same.

25     33.    Defendants lack knowledge or information sufficient to form a belief as to the truth

26 of the allegations in Paragraph 33 of the Complaint and, on that basis, deny the same.

27     34.    Defendants lack knowledge or information sufficient to form a belief as to the truth

28 of the allegations in Paragraph 34 of the Complaint and, on that basis, deny the same.

-4-

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, on that basis, deny the same.

36.     Defendants admit that venue is proper in this district.  Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 36 of the Complaint.

## BACKGROUND FACTS & PATENTS-IN-SUIT

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on that basis, deny the same.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, on that basis, deny the same.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, on that basis, deny the same.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, on that basis, deny the same.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, on that basis, deny the same.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and, on that basis, deny the same.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, on that basis, deny the same.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, on that basis, deny the same.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, on that basis, deny the same.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, on that basis, deny the same.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, on that basis, deny the same.

///

*ANSWER AND COUNTERCLAIMS OF IMATION CORP., IMATION ENTERPRISES CORP., AND MEMOREX PRODUCTS, INC.*                    Case No. 09-cv-278-H-CAB

**COUNT I**

**(PATENT INFRINGMENT BY DIRECTV DEFENDANTS)**

48.     Defendants repeat, reallege, and incorporate by this reference the answers and denials set forth in Paragraphs 1 through 47 as though fully set forth herein.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, on that basis, deny the same.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and, on that basis, deny the same.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, on that basis, deny the same.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and, on that basis, deny the same.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and, on that basis, deny the same.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and, on that basis, deny the same.

**COUNT II**

**(PATENT INFRINGEMENT BY ECHOSTAR DEFENDANTS)**

55.     Defendants repeat, reallege, and incorporate by this reference the answers and denials set forth in Paragraphs 1 through 47 as though fully set forth herein.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and, on that basis, deny the same.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and, on that basis, deny the same.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and, on that basis, deny the same.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and, on that basis, deny the same.

*ANSWER AND COUNTERCLAIMS OF IMATION CORP., IMATION*          Case No. 09-cv-278-H-CAB
*ENTERPRISES CORP., AND MEMOREX PRODUCTS, INC.*

60.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and, on that basis, deny the same.

61.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, on that basis, deny the same.

**COUNT III**

**(PATENT INFRINGEMENT BY THE IMATION DEFENDANTS)**

62.    Defendants repeat, reallege, and incorporate by this reference the answers and denials set forth in Paragraphs 1 through 47 as though fully set forth herein.

63.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and, on that basis, deny the same.

64.    Defendants deny each and every allegation contained in Paragraph 64 of the Complaint.

65.    Defendants deny each and every allegation contained in Paragraph 65 of the Complaint.

66.    Defendants deny each and every allegation contained in Paragraph 66 of the Complaint.

67.    Defendants deny each and every allegation contained in Paragraph 67 of the Complaint.

68.    Defendants deny each and every allegation contained in Paragraph 68 of the Complaint.

**COUNT IV**

**(PATENT INFRINGEMENT BY PIONEER DEFENDANTS)**

69.    Defendants repeat, reallege, and incorporate by this reference the answers and denials set forth in Paragraphs 1 through 47 as though fully set forth herein.

70.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and, on that basis, deny the same.

71.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and, on that basis, deny the same.

72.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and, on that basis, deny the same.

73.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and, on that basis, deny the same.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and, on that basis, deny the same.

75.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and, on that basis, deny the same.

**COUNT V**

**(PATENT INFRINGEMENT BY DEFENDANT POLYCOM)**

76.    Defendants repeat, reallege, and incorporate by this reference the answers and denials set forth in Paragraphs 1 through 47 as though fully set forth herein.

77.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and, on that basis, deny the same.

78.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and, on that basis, deny the same.

79.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and, on that basis, deny the same.

80.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and, on that basis, deny the same.

81.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and, on that basis, deny the same.

82.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and, on that basis, deny the same.

**COUNT VI**

**(PATENT INFRINGEMENT BY PROVIEW DEFENDANTS)**

83.    Defendants repeat, reallege, and incorporate by this reference the answers and denials set forth in Paragraphs 1 through 47 as though fully set forth herein.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and, on that basis, deny the same.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and, on that basis, deny the same.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint and, on that basis, deny the same.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint and, on that basis, deny the same.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and, on that basis, deny the same.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint and, on that basis, deny the same.

## COUNT VII

## (PATENT INFRINGEMENT BY DEFENDANT VIZIO)

90.     Defendants repeat, reallege, and incorporate by this reference the answers and denials set forth in Paragraphs 1 through 47 as though fully set forth herein.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint and, on that basis, deny the same.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and, on that basis, deny the same.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint and, on that basis, deny the same.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint and, on that basis, deny the same.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and, on that basis, deny the same.

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and, on that basis, deny the same.

## COUNT VIII

### (PATENT INFRINGEMENT BY DEFENDANT WESTINGHOUSE)

97.    Defendants repeat, reallege, and incorporate by this reference the answers and denials set forth in Paragraphs 1 through 47 as though fully set forth herein.

98.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and, on that basis, deny the same.

99.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and, on that basis, deny the same.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint and, on that basis, deny the same.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and, on that basis, deny the same.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint and, on that basis, deny the same.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint and, on that basis, deny the same.

### AFFIRMATIVE DEFENSES

104.    As for its affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

105.    Defendants have not and do not directly, indirectly, contributorily and/or by inducement infringe any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

### (Invalidity and/or Unenforceability)

106.    Each of the patents-in-suit and each asserted claim therein is invalid and/or unenforceable for failure to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, 112, 132 and/or 305 and the rules regulations and law related thereto.

*ANSWER AND COUNTERCLAIMS OF IMATION CORP., IMATION*                    Case No. 09-cv-278-H-CAB
*ENTERPRISES CORP., AND MEMOREX PRODUCTS, INC.*

1

## THIRD AFFIRMATIVE DEFENSE

2

### (Express or Implied License)

3    107.    Plaintiff's claims for relief and prayer for damages may be barred, in whole or in

4  part, because of the existence of an express or implied license.

5

## FOURTH AFFIRMATIVE DEFENSE

6

### (Non-Willfulness)

7    108.    Defendants have not willfully infringed and are not willfully infringing any valid

8  and enforceable claim of patents-in-suit thereby precluding Plaintiff from recovering trebled

9  damages, attorneys' fees and/or costs under 35 U.S.C. §§ 284 or 285.

10

## FIFTH AFFIRMATIVE DEFENSE

11

### (Unjust Enrichment)

12    109.    Any damages or monetary relief should be barred because any monetary recovery by

13  Plaintiff in this action would result in an unjust enrichment.

14

## SIXTH AFFIRMATIVE DEFENSE

15

### (Failure to Mark)

16    110.    Plaintiff's claims for relief and prayer for damages are barred, in whole or in part, by

17  35 U.S.C. § 287.

18

## SEVENTH AFFIRMATIVE DEFENSE

19

### (Intervening Rights)

20    111.    Plaintiff's claim for relief and prayer for damages are or may be barred, in whole or

21  in part, by intervening rights under 35 U.S.C. § 252.

22

## EIGHTH AFFIRMATIVE DEFENSE

23

### (Laches)

24    112.    Plaintiff's claim for relief and prayer for damages are barred, in whole or in part, by

25  the doctrine of laches.

26

## NINTH AFFIRMATIVE DEFENSE

27

### (Unclean Hands)

28    113.    Plaintiff's claim for relief and prayer for damages are barred, in whole or in part,

-11-

because the equitable doctrine of unclean hands renders the patents-in-suit unenforceable.

## TENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

114.    Plaintiff's claim for relief and prayer for damages are barred, in whole or in part, based on the doctrine of patent misuse under 28 U.S.C. §2201, arising from Plaintiff's pattern of abuse and misuse of the United States patent system, by using and employing abusive and coercive strategies to intimidate parties to pay royalties to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

115.    Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Patents-in-Suit, from asserting any interpretation of the claims of the Patents-in-Suit that would be broad enough to cover any of Defendant's products alleged to infringe the Patents-in-Suit, either literally or by application of the doctrine of equivalents.

## TWELFTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

116.    Plaintiff' s recovery for alleged infringement of the Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Right to Injunctive Relief)

117.    Plaintiff is not entitled to injunctive relief because any injury to it is not immediate or irreparable, Plaintiff has an adequate remedy at law for any claims it can prove, the balance of equities weigh in favor of Defendants, and the public interest would be disserved by an injunction.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver of Injunction)

118.    On information and belief, Plaintiff or its predecessors-in-interest publicly and legally committed to license one or more of the Patents-in-Suit on reasonable and

-12-

1  nondiscriminatory terms. Thus, even if Plaintiff should prevail on the issues of infringement and
2  validity, Plaintiff has waived any right to an injunction with respect to these patents.

3  **FIFTEENTH AFFIRMATIVE DEFENSE**

4  **(28 U.S.C. § 1498(a))**

5  119.     Plaintiff's claimed remedies against Defendants are limited by the provisions of 28
6  U.S.C. §1498(a).

7  **SIXTEENTH AFFIRMATIVE DEFENSE**

8  **(Standing/Nonjoinder)**

9  120.     Plaintiff lacks sufficient substantial rights in the Patents-in-Suit to assert and
10 maintain claims of patent infringement.

11 **SEVENTEENTH AFFIRMATIVE DEFENSE**

12 **(Exhaustion)**

13 121.     Plaintiff's claims for infringement of some or all of the Patents-in-Suit are barred by
14 the doctrine of exhaustion.

15 **EIGHTEENTH AFFIRMATIVE DEFENSE**

16 122.     Defendants expressly reserve the right to allege and assert additional defenses.
17 Defendants also expressly incorporate by reference herein all defenses pled by co-defendants in this
18 action in their respective Answers to the Complaint.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28                                   ///

*ANSWER AND COUNTERCLAIMS OF IMATION CORP., IMATION*                    Case No. 09-cv-278-H-CAB
*ENTERPRISES CORP., AND MEMOREX PRODUCTS, INC.*

1

**COUNTERCLAIMS AGAINST MULTIMEDIA PATENT TRUST**

2          1.      The following are counterclaims for a declaratory judgment of non-infringement,

3   invalidity, and/or unenforceability of each of the Patents-in-Suit (U.S. Patent No. 4,958,226 (the "

4   '226 Patent"), U.S. Patent No. 5,227,878 (the " '878 Patent"), U.S. Patent No. 5,500,678 (the " '678

5   Patent"), U.S. Patent No. 5,136,377 (the " '377 Patent"), and U.S. Patent No. 5,563,593 (the " '593

6   Patent")). Imation Defendants, for their counterclaims herein, alleges as follows:

7                              **JURISDICTION AND VENUE**

8          2.      This counterclaim arises under 28 U.S.C. §§ 2201 and 2202, and this Court has

9   subject matter jurisdiction under the laws of the United States concerning actions relating to patents

10  pursuant to 28 U.S.C. §§ 1331 and 1338.

11         3.      This Court has personal jurisdiction over Counter-defendant MPT because MPT

12  submitted to the jurisdiction of this Court by filing its Complaint therein against Imation

13  Defendants.

14         4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and

15  1400.

16                                  **PARTIES**

17         5.      Counter-claimant Imation Corp. is a corporation organized under the laws of the

18  State of Delaware with a principal place of business at 1 Imation Place, Oakdale, MN 55128.

19         6.      Counter-claimant Imation Enterprises Corp. is a corporation organized under the

20  laws of the State of Delaware with a principal place of business at 1 Imation Place, Oakdale, MN

21  55128.

22         7.      Counter-claimant Memorex Products, Inc. is a corporation organized under the laws

23  of the State of California with a principal place of business at 1 Imation Place, Oakdale, MN 55128.

24         8.      Counter-defendant MPT alleges in Paragraph 1 of its Complaint that it is a Delaware

25  statutory trust under the laws of the Delaware Statutory Trust Act 12  Dec.  C.  §§  3801,  *et seq.*

26  Imation Defendants are informed and believe and thereon allege that MPT has as trustee, Mr.

27  Gerard A. de Blasi, an individual having a business address of 991 Route 22 West, Bridgewater,

28  NJ, 08807.

-14-

**FIRST COUNTERCLAIM**

9.     Imation Defendants reallege and incorporate herein by this reference paragraphs 1 through 8, inclusive, as though set forth fully herein.

10.     MPT's Complaint alleges that it owns the entire right, title and interest in and to the '226 Patent, the '878 Patent, the '678 Patent, the '377 Patent, and the '593 Patent (hereinafter, collectively, the "Patents-In-Suit").

11.     MPT has brought suit against Imation Defendants alleging that Imation Defendants directly infringe and/or induce infringement and/or contribute to infringement of the Patents-In-Suit and has alleged that such infringement is willful.

10.     MPT has not infringed, induced infringement or contributed to infringement of any valid claim of any of the Patents-In-Suit.

11.     An actual case or controversy exists between Imation Defendants and MPT based on Guardian having filed its Complaint against Nintendo alleging infringement of the Patents-In-Suit.

12.     Pursuant to 28 U.S.C. § 2201 *et seq.*, Imation Defendants respectfully request a declaration of the Court that the Imation Defendants do not infringe and have not infringed any valid, enforceable claim of any and/or all of the respective Patents-In-Suit.

**SECOND CLAIM FOR RELIEF**

13.     Imation Defendants reallege and incorporate herein by this reference paragraphs 1 through 12, inclusive, as though set forth fully herein.

14.     On information and belief, each claim of the Patents-In-Suit, respectively, are invalid and void as set forth specifically in the Affirmative Defenses of the Original Answer to Plaintiff's Complaint to which this counterclaim is appended.

15.     An actual case or controversy exists between Imation Defendants and MPT based upon MPT having filed its Complaint against Imation Defendants alleging infringement of the Patents-In-Suit and upon the Affirmative Defenses alleged above.

16.     Pursuant to 28 U.S.C. § 2201 *et seq.*, Imation Defendants respectfully request a declaration of the Court that one or more of the Patents-In-Suit are invalid and unenforceable and thus cannot be asserted against Imation Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Imation Defendants ask this Court to enter judgment in their favor against MPT as follows:

A.      That MPT's complaint be dismissed with prejudice;

B.      That all remedies and relief sought by MPT be denied;

C.      That judgment be entered that Nintendo has not infringed, and is not infringing, any valid and enforceable claim of the '226 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents;

D.      That judgment be entered that Nintendo has not infringed, and is not infringing, any valid and enforceable claim of the '878 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents;

E.      That judgment be entered that Nintendo has not infringed, and is not infringing, any valid and enforceable claim of the '678 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents;

F.      That judgment be entered that Nintendo has not infringed, and is not infringing, any valid and enforceable claim of the '377 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents;

G.      That judgment be entered that Nintendo has not infringed, and is not infringing, any valid and enforceable claim of the '593 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents;

H.      That judgment be entered declaring that the claims of the '226 Patent are invalid and unenforceable;

I.      That judgment be entered declaring that the claims of the '878 Patent are invalid and unenforceable;

J.      That judgment be entered declaring that the claims of the '678 Patent are invalid and unenforceable;

K.      That judgment be entered declaring that the claims of the '377 Patent are invalid and unenforceable;

1      L.     That judgment be entered declaring that the claims of the '593 Patent are invalid and

2  unenforceable;

3      M.    That judgment be entered awarding Imation Defendants their costs incurred in the

4  prosecution and defense of this action;

5      N.    That judgment be entered declaring this case to be exceptional under 35 U.S.C. §

6  285 and awarding Imation Defendants their reasonable attorneys fees incurred in the prosecution

7  and defense of this action; and

8      O.    That judgment be entered awarding Imation Defendants such other and further relief

9  as the court may deem just and fair.

10                              Respectfully submitted.

11  **DATED:  April 22, 2009**        **HANDAL & ASSOCIATES**

12

13                          By  /s/ Gabriel G. Hedrick

14                            Anton N. Handal, Esq.
                               Gabriel G. Hedrick, Esq.

15                            Pamela C. Chalk, Esq.
                               Attorneys for Defendants Imation Corp., Imation

16                            Enterprises Corp., and Memorex Products, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

*ANSWER AND COUNTERCLAIMS OF IMATION CORP., IMATION*      Case No. 09-cv-278-H-CAB
*ENTERPRISES CORP., AND MEMOREX PRODUCTS, INC.*

1

## <u>JURY DEMAND</u>

2      Pursuant to Local Rule CV-38.1 and Fed. R. Civ. P. 38, Imation Defendants hereby demand

3 a trial by jury on all issues so triable in this action.

4 **DATED:  April 22, 2009**                **HANDAL & ASSOCIATES**

5

6
                                  By  /s/ Gabriel G. Hedrick
7                                     Anton N. Handal, Esq.
                                     Gabriel G. Hedrick, Esq.
8                                     Pamela C. Chalk, Esq.
                                     Attorneys for Defendants Imation Corp., Imation
9                                     Enterprises Corp., and Memorex Products, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*ANSWER AND COUNTERCLAIMS OF IMATION CORP., IMATION*                Case No. 09-cv-278-H-CAB
*ENTERPRISES CORP., AND MEMOREX PRODUCTS, INC.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 22, 2009 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 22nd day of April 2009 at San Diego, California.


     /s/ Gabriel G. Hedrick     .

Gabriel G. Hedrick

*ANSWER AND COUNTERCLAIMS OF IMATION CORP., IMATION*                    Case No. 09-cv-278-H-CAB
*ENTERPRISES CORP., AND MEMOREX PRODUCTS, INC.*