1  COOLEY GODWARD KRONISH LLP
   JOHN S. KYLE (199196) (jkyle@cooley.com)
2  4401 Eastgate Mall
   San Diego, CA 92121
3  Telephone:    (858) 550-6000
   Facsimile:    (858) 550-6420
4
   Attorneys for Plaintiff
5  MULTIMEDIA PATENT TRUST

6

7  *Additional counsel listed on last page*

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Multimedia Patent Trust, | 09-cv-0278 H (CAB) |
| Plaintiff, | **PARTIES' JOINT RULE 26(f) STATEMENT AND PROPOSED SCHEDULE** |
| v. | |
| DIRECTV, Inc., DIRECTV Enterprises, LLC, The DIRECTV Group, Inc., DIRECTV Holdings LLC, DIRECTV Operations, LLC, | **JURY TRIAL DEMANDED** |
| DISH DBS Corporation, DISH Network Corporation, DISH Network LLC, EchoStar Corporation, EchoStar Orbital Corporation, EchoStar Technologies LLC, | |
| Imation Corporation, Imation Enterprises Corporation, Memorex Products, Inc., | |
| Pioneer Corporation, Pioneer Electronics Technology, Inc., Pioneer Electronics (USA) Inc., | |
| Polycom, Inc., | |
| Proview Electronics Co., Ltd., Proview International Holding Ltd., Proview Technology Inc., Proview Technology (Shenzhen) Co., Ltd., | |
| Vizio, Inc., | |
| Westinghouse Digital Electronics, LLC, | |
| Defendants | |

In accordance with Federal Rule of Civil Procedure 26(f), and the Court's April 24, 2009, Order setting a combined ENE and Case Management Conference for June 16, 2009, Multimedia Patent Trust ("MPT"); DIRECTV, Inc., DIRECTV Enterprises, LLC, The DIRECTV Group, Inc., DIRECTV Holdings LLC, DIRECTV Operations, LLC ("DIRECTV"); DISH DBS Corporation, DISH Network Corporation, DISH Network LLC, EchoStar Corporation, EchoStar Orbital Corporation, EchoStar Technologies LLC ("EchoStar"); Imation Corporation, Imation Enterprises Corporation, Memorex Products, Inc. ("Imation"); Polycom, Inc. ("Polycom");,Proview Technology Inc., ("ProView"); Vizio, Inc. ("Vizio"); and Westinghouse Digital Electronics, LLC ("Westinghouse") submit the following Proposed Joint Discovery and Claim Construction Plan.

1. *Rule 26(f) Conference*. The parties conducted their Fed. R. Civ. P. 26(f) conference via telephone on May 26, 2009. Additional calls were held on June 9 and 10, 2009. The conferences were attended by Jonathan Graves, Nathan Cummings, and John Kyle, Esq., on behalf of MPT; Lara Garner, Esq., on behalf of DIRECTV; Brian Kramer, Esq., on behalf of EchoStar; Robin Brewer Esq., on behalf of Polycom; John Buche, Esq., on behalf of ProView; Robert Brewer and Kevin McBride, Esq., on behalf of Vizio; Andrew Grossman and Todd Tucker, Esq., on behalf of Westinghouse, and Gabriel Hedrick, Esq., on behalf of Imation.

2. *Pre-Discovery Disclosures*. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1)(A)-(D) by June 30, 2009. The parties presently envision no changes to the timing, form or requirements of the initial disclosure provisions of Rule 26(a)(1)(A)-(D).

3. *Limitations on Discovery Imposed Under the Federal Rules of Civil Procedure or the Local Rules and Proposed Modifications*. The parties propose the following discovery limitations:

    **A.** Common Discovery Issues: For purposes of setting limitations on discovery, the parties identify the following common discovery issues:

        1. Plaintiff's licensing of the asserted patents, including but not limited to rates and terms;

        2. Whether any asserted patent claim is invalid based on 35 U.S.C. §§ 102, 103, 112 and/or 132;

        3. Whether Plaintiff's asserted patents are unenforceable, for example under the

     doctrines of inequitable conduct and/or patent misuse;

    4. The conception and reduction to practice of the inventions; and

    5. The prosecution of the patents-in-suit.

The parties agree that the common issues identified herein do not represent all of the common issues that may exist in this matter. Other common issues may become apparent as discovery continues and the issues identified herein are only intended to clarify those issues that are known at this time and to avoid any dispute that may arise during discovery as to whether the issues listed herein are in fact properly considered common issues for the purpose of calculating discovery limits.

  **B.** <u>Number of Interrogatories per Party (*see* Civil Local Rule 33.1)</u>: Unless otherwise provided, LR 33.1 and Fed. R. Civ. P. Rule 33 shall govern service of interrogatories and responses. Plaintiff shall be limited to 25 interrogatories per defendant group. Defendants shall be limited to 15 interrogatories served collectively on common issues or topics. Each defendant group may individually serve 10 additional interrogatories on defendants-specific issues or topics.

  **C.** <u>Number of Depositions (*see* Fed. R. Civ. P. 30(a)(2)(A))</u>: The parties agree to the 7 hour time limit imposed by Rule 30(d)(1), with the right to seek an extension to that limit consistent with that Rule and Rule 26(b)(2). The parties further agree to exceed the limit of ten depositions under Fed. R. Civ. P. 30(a)(2)(A) but have not been able to reach agreement on alternative limitations.

    **Defendants' Proposal Regarding Depositions**

  MPT will have a maximum of 340 hours of deposition time as follows: MPT may not exceed 35 hours of 30(b)(1) and 30(b)(6) deposition time per defendant group. MPT shall have an additional 5 hours of deposition time per defendant group for 30(b)(6) depositions of document custodians. MPT shall have up to 60 hours of deposition time for non-party, non-expert depositions.

  Defendants may not exceed 300 hours of deposition time. The 300 hour limit is further subject to the following limitations: Defendants may not exceed a combined total of 50

hours of 30(b)(1) and 30(b)(6) deposition time of plaintiff on common issues. Defendants may divide the common issue deposition hours among themselves as they see fit. In addition, each defendant group shall have up to 10 hours of 30(b)(1) and 30(b)(6) deposition time of plaintiff for defendant-specific issues. Defendants shall have a combined total of 5 hours of deposition time for 30(b)(6) depositions of plaintiff's document custodians. Defendants may use any remaining time on third-party depositions as they see fit, for example, to depose patent inventors, prior art witnesses, and other non-parties.

Depositions will take place at mutually agreeable locations that are convenient for the deponent.

In support of their proposal, Defendants state that Defendants' proposal gives each side roughly the same number of deposition hours, giving MPT slightly more. MPT on the other hand proposes that it should have 695 hours of deposition time while the seven Defendants should share 225 hours. In contrast in cases in which these patents have been at issue in the past, more reasonable limitations have been set. *Lucent v. Gateway, et. al.*, 02-cv-2060 involved two of the five patents-in-suit here along with 13 other patents relating to at least five different technologies. In that case Judge Burns limited fact depositions to 250 hours per side - that is 250 for plaintiff and 250 hours for the three defendants. (July 3, 2003 Discovery Plan Rulings.) More recently, in *MPT v. Microsoft, et. al.*, 07-cv-0747 H (CAB), which concerned the other three patents that are at issue here, MPT agreed with the three defendants to that case that each side would be limited to 125 hours. (August 20, 2007 Joint Rule 26(f) Report.)

In support of Defendants' proposal for the 300 hour time limit, Polycom separately points out that Plaintiff appears to be accusing Polycom of infringement based on different video standards than the other defendants, namely H.263 and H.264 Baseline. Against other defendants, Plaintiff is apparently asserting infringement based on different video standards, such as other H.264 profiles (non-Baseline), as well as MPEG-2 and MPEG-4. As such, Polycom has unique defenses including, for example, the defense of waiver based on Plaintiff's failure to disclose the patents-in-suit to the H.263 standards body. Defendants' proposal provides sufficient deposition time, given the seven defendant groups remaining in this case and the five or more video

standards Plaintiff seems to be targeting with its infringement theories.

### MPT's Proposal Regarding Depositions

MPT may not exceed 80 hours of 30(b)(1) and 30(b)(6) deposition time per defendant group. MPT shall have an additional 5 hours of deposition time per defendant group for 30(b)(6) depositions of document custodians. MPT shall have up to 100 hours of deposition time for non-party, non-expert depositions. Defendants may not exceed a combined total of 50 hours of 30(b)(1) and 30(b)(6) deposition time of plaintiff on common issues. Defendants may divide the common-issue deposition hours among themselves as they see fit. In addition, each defendant group shall have up to ten hours of 30(b)(1) and 30(b)(6) deposition time of plaintiff for defendant-specific issues. Defendants shall have a combined total of 5 hours of deposition time for 30(b)(6) depositions of document custodians. Defendants shall have up to 100 hours of deposition time for non-party, non-expert depositions. Depositions will take place at mutually agreeable locations that are convenient for the deponent.

In support of its proposal, MPT notes that the parties disagree only on (1) the number of hours MPT will have to depose Defendants, and (2) the number of third-party deposition hours, as illustrated in the following table:

| Category of Deposition | MPT's Proposal | Defendants' Proposal |
|---|---|---|
| MPT's 30(b)(6) of Defendants' document custodians | 5 hours per def. group | 5 hours per def. group |
| Defendants' 30(b)(6) of MPT's document custodians | 5 hours total | 5 hours total |
| Defendants' 30(b)(1) and 30(b)(6) of MPT on common issues | 50 hours total | 50 hours total |
| Defendants' 30(b)(1) and 30(b)(6) of MPT on individualized issues | 10 hours per def. group | 10 hours per def. group |
| MPT's 30(b)(1) and 30(b)(6) of defendants | 80 hours per def. group | 35 hours per def. group |
| MPT's depositions of third-parties | 100 hours total | 60 hours total |
| Defendants' depositions of third-parties | 100 hours total | Min. of 175 hours plus all unused time up to 300 hours |

1  This case involves five patents infringed by numerous models of televisions, DVD and Blu-ray
2  players, DVD recorders, digital photo frames, satellite television receivers (and services), video
3  conferencing systems (and services), and other infringing products and services of seven
4  defendant groups.  Combined with the number of defenses and counterclaims Defendants have
5  raised—for example, DirecTV alone asserts 22 defenses and 10 counterclaims, Imation asserts 18
6  defenses and 2 counterclaims, and Polycom asserts 15 defenses—the amount of time MPT
7  requests to depose Defendants on all these issues is both measured and reasonable.  On the other
8  hand, Defendants' only justification during the Rule 26(f) conferences for limiting MPT to 35
9  hours was that they wanted their clients to sit for only 5 days of deposition, regardless of how
10 much time is actually needed to cover the issues.  Defendants tried to justify their proposal on the
11 limits in previous cases, but those actions involved fewer parties, fewer patents, and/or fewer (and
12 very different) accused products and services than are at issue here.  Defendants similarly had no
13 justifiable basis for the disparity in their proposals on third-party discovery.  Defendants want to
14 unduly limit the amount of discovery MPT can take of third parties that may be critical to the
15 development of MPT's case, such as Defendants' vendors, while giving themselves what amounts
16 to an open-ended limit (capped only at 300 hours) to take discovery of third parties.  Further, even
17 as some Defendants settle, the remaining Defendants will have additional time to depose other
18 prior art witnesses (i.e., inventors and authors of additional alleged prior art).  MPT contends that
19 Defendants' trawling plan does not appropriately consider the obligations of Rule 45(c)(1) to limit
20 the burden and expense on third parties.  MPT finally notes that the bulk of its deposition time
21 will be defendant specific (i.e., directed to issues applicable only to the products, services,
22 systems, sales or defenses/counterclaims of a particular defendant group), whereas the vast
23 majority of Defendants' deposition time will be directed to common issues that will benefit all
24 Defendants, such as alleged prior art to the patents-in-suit.  As a result, Defendants' attempt to
25 "equalize" the total number of hours for each side has the effect of giving Defendants an undue
26 advantage and unfairly hamstringing MPT.  MPT therefore respectfully asks the Court to reject
27 Defendants' proposal and instead adopt MPT's deposition limits.
28

**D.** Expert Discovery

The parties will separately address the issue of expert depositions after they assess the amount of expert discovery required in the matter.

Nevertheless, the parties agree that draft expert reports shall not be discoverable, and that an expert's personal notes and communications with counsel shall not be discoverable unless the notes or communications contain information relied on by the expert in reaching his or her opinion.

**E.** <u>Number of Requests for Admission (*see* Local Civil Rule 36.1)</u>: Unless otherwise provided, LR 36.1 and Fed. R. Civ. P. Rule 36 shall govern service of requests for admission and responses. Plaintiff may serve a maximum of 50 requests for admission on each defendant group. Defendants may collectively serve up to 20 requests for admission on common issues or topics. Each defendant group may individually serve an additional 30 requests for admission for defendant-specific issues. These limits on the number of requests for admission do not include requests going to authenticity or genuineness of documents.

**F.** <u>Third Party Subpoenas</u>: Plaintiff may serve up to 20 third-party subpoenas per defendant group. Defendants may serve up to 20 third-party subpoenas on common issues. Each defendant group may serve an additional ten third-party subpoenas on defendant-specific issues.

**G.** <u>Document Production</u>: In accordance with Fed. R. Civ. P. Rules 26 and 34 and the Patent Local Rules of the Southern District of California, the parties will begin document discovery after completion of the Early Neutral Evaluation Conference. The parties will search all immediately available electronic media, excluding back-up tapes and voicemail. The parties may agree to "quick peek" review of documents by opposing parties on a case by case basis as the situation may dictate. That is, the parties may agree in some situations to providing certain materials for initial examination without waiving privilege or other protections. The parties shall have the right to claw back inadvertently produced privileged or work-product documents. The parties will produce documents on a rolling basis. The parties shall produce documents as TIFF images with Concordance compatible load files. All source code and any documents that will not

image properly should be produced in native format. If electronic discovery material requires specialized software to view or manipulate the data as in the ordinary course of business, the producing party shall produce a working copy of the specialized software at its expense. The parties further agree to update privilege logs to account for each successive production within 30 days of such successive production. The parties shall have no obligation to log exchanges with counsel of record in the matter after the time the case was filed.

**H.** <u>Modifications to the Discovery Limits</u>: The parties further agree, and ask the Court to order, that the parties may modify the discovery limitations by consent of all parties without requiring express authorization from the Court. In the event that a party seeks discovery beyond the limitations and the parties do not all consent, the party seeking discovery beyond the limitations may seek relief from the Court, in compliance with the local rules, and upon a showing of good cause for modification of the discovery limits.

4. <u>*Deadlines Provided for in the Local Patent Rules*</u>.

The parties agree to modified deadlines provided for in the Patent Local Rules as follows:

| | |
|---|---|
| Infringement Contentions | July 14, 2009 |
| Invalidity Contentions | September 14, 2009 |
| Preliminary Claim Construction | September 28, 2009 |
| Responsive Claim Construction | October 26, 2009 |
| Joint Claim Construction Chart, etc. | November 16, 2009 |
| Claim Construction Discovery Close | December 21, 2009 |
| Opening Claim Construction Briefs | January 25, 2010 |
| Responsive Claim Construction Briefs | February 22, 2010 |
| Claim Construction | March 17, 2010 |

The parties further propose that the Court hold a technology tutorial approximately one month after the parties file their joint claim construction chart.

5. <u>*The Need for and Specific Limitations on Discovery Relating to Claim Construction, Including Depositions of Percipient and Expert Witnesses*</u>. The parties have not yet determined whether there is any need for expert testimony at the claim construction hearing. Any

party that expects to present, whether live or by declaration or affidavit, expert testimony in support of its claim construction position, will serve the Fed. R. Civ. P. 26(a)(2) disclosures at least thirty (30) days before the due date for filing opening briefs on claim construction and make its expert witness available for deposition at a mutually agreeable time after service of the expert disclosures.

6. For the technology tutorial, the parties will make their experts available to assist in presenting the technology to the Court or to answer any questions that the Court may have.

7. *The Order of Presentation at the Claim Construction Hearing.* The parties propose that the claim construction hearing proceed claim-term-by-claim-term. Plaintiff will present its proposed construction first. Defendants will then collectively present their proposed construction of the claim term to the extent they agree on one. If the defendants disagree on the proposed construction of a claim term, then defendants may present their individual proposed construction of the claim term in any order they agree upon.

8. *Proposed Schedule:* The parties jointly submit the following proposed schedule:

| Date | Event |
|---|---|
| **June 30, 2010** | Complete fact discovery |
| **July 30, 2010** | Expert Reports on issues on which the party bears burden of proof |
| **August 20, 2010** | Rebuttal Expert Reports |
| **August 27, 2010** | Sur-Reply Expert Reports on the issue of secondary considerations |
| **October 8, 2010** | Complete expert discovery |
| **November 5, 2010** | Last date to file dispositive motions |
| **December 3, 2010** | Oppositions to dispositive motions |
| **December 17, 2010** | Replies supporting dispositive motions |
| **January 19, 2011** | Hearing on dispositive motions |
| **February 2011** | Pretrial order submissions |
| **March 2011** | Trial[1] |

---

[1] Defendants reserve the right to request bifurcation or other division of the trial based on technology groups.

9. *Protective Order.*  The parties will submit shortly a Stipulated Protective Order.

Dated:  June 12, 2009

| For Plaintiff *Multimedia Patent Trust* | For Defendants *DirecTV, Inc.; DirecTV Enterprises, LLC; The DirecTV Group, Inc.; DirecTV Holdings LLC; and DirecTV Operations, LLC* |
|---|---|
| By: */s/John S. Kyle*<br>**John Kyle** (CA SBN 199196)<br>jkyle@cooley.com<br>Cooley Godward Kronish LLP<br>4401 Eastgate Mall<br>San Diego , CA 92121<br>Telephone:  (858) 550-6000<br>Facsimile:   (858) 550-6420 | By: */s/Laura Sue Garner*<br>**John E. Gartman** (CA SBN 152300)<br>gartman@fr.com<br>**Lara Sue Garner** (CA SBN 234701)<br>lgarner@fr.com<br>Fish and Richardson<br>12390 El Camino Real<br>San Diego , CA 92130<br>Telephone:  (858) 678-5070<br>Facsimile:   (858) 678-5099 |
| For Defendants DISH DBS Corp.; DISH Network Corp.; DISH Network LLC; EchoStar Corp.; EchoStar Orbital Corp.; and EchoStar Technologies LLC | For Defendants Imation Corp.; Imation Enterprises Corp.; Memorex Products, Inc. |
| By: */s/Eric M. Acker*<br>**Eric M. Acker** (CA SBN 135805)<br>eacker@mofo.com<br>**Brian M. Kramer** (CA SBN 212107)<br>bmkramer@mofo.com<br>Morrison & Foerster LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130<br>Telephone:  (858) 720-5100<br>Facsimile: (858) 720-5125 | By: */s/ Gabriel G. Hedrick*<br>**Gabriel G. Hedrick** (CA SNA 220649)<br>Handal & Associates<br>1200 Third Avenue<br>Suite 1321<br>San Diego , CA 92101<br>ghedrick@handal-law.com<br>Telephone:  (619) 544-6400<br>Facsimile:   (619) 696-0323 |

| For Defendant Polycom, Inc. | For Defendant Proview Technology Inc. |
|---|---|
| By: */s/Richard G. Frenkel*<br>**Ron E. Shulman** (CA SBN 178263)<br>rshulman@wsgr.com<br>**Richard G. Frenkel** (CA SBN 204133)<br>rfrenkel@wsgr.com<br>Wilson Sonsini Goodrich & Rosati<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5400<br><br>**Keith Rutherford** (*pro hac vice*)<br>krutherford@counselip.com Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP<br>Chasewood Bank Bldg.<br>20333 SH 249<br>Suite 600<br>Houston, Texas 77070<br>Telephone: (832) 446-2425<br>Facsimile: (832) 446-2424 | By: */s/Edwin Thomson Greiner*<br>**Edwin Thomson Greiner** (pro hac vice)<br>egreiner@lglcip.com<br>Lapus Greiner Lai & Corsini LLC<br>5800 Ranchester Drive<br>Suite 200<br>Houston , TX 77036<br>Telephone: (713) 988-5666<br>Facsimile: (713) 988-8846<br><br>**John Karl Buche** (CA SBN 239477)<br>jbuche@westerniplaw.com<br>Buche and Associates, P.C.<br>875 Prospect Street<br>Suite 305<br>La Jolla , CA 92037<br>Telephone: (858)812-2840<br>Facsimile: (858) 459-9120 |
| For Defendant Vizio, Inc. | For Defendant Westinghouse Digital Electronics, LLC. |
| By: */s/Kevin G. McBride*<br>**Robert S. Brewer** (CA SBN 65294)<br>rsbrewer@jonesday.com<br>Jones Day<br>12265 El Camino Real, Suite 200<br>San Diego , CA 92130<br>Telephone: (858) 314-1200<br>Facsimile: (858) 314-1150<br><br>**Kevin G. McBride** (CA SBN 216243)<br>kgmcbride@jonesday.com<br>Jones Day<br>555 S. Flower Street, 50th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 489-3939<br>Facsimile: (213) 243-2539 | By: */s/Kyle Fleming*<br>**Andrew Grossman** (CA SBN 211546)<br>andrew.grossman@wilmerhale.com<br>**Bethany Stevens** (CA SBN 245672)<br>bethany.stevens@wilmerhale.com<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>350 South Grand Avenue, Suite 2100<br>Los Angeles , CA 90071<br>Telephone: (213) 443-5300<br>Facsimile: (213) 443-5400<br><br>Kyle Fleming (CA SBN 166386)<br>Renner, Otto, Boisselle & Sklar, LLP<br>1621 Euclid Ave., 19th Floor<br>Cleveland, Ohio 4415<br>Email: Kfleming@rennerotto.com |