UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST,<br><br>                           Plaintiff,<br><br>      v.<br><br>DIRECTV, Inc., DIRECTV Enterprises, LLC, The DIRECTV Group, Inc., DIRECTV Holdings LLC, DIRECTV Operations, LLC,<br><br>DISH DBS Corporation, DISH Network Corporation, DISH Network LLC, EchoStar Corporation, EchoStar Orbital Corporation, EchoStar Technologies, LLC,<br><br>Imation Corporation, Imation Enterprises Corporation, Memorex Products, Inc., Pioneer Corporation, Pioneer Electronics Technology, Inc., Pioneer Electronics (USA) Inc.,<br><br>Polycom, Inc.<br><br>Proview Electronics Co., Ltd., Proview International Holding Ltd., Proview Technology Inc., Proview Technology (Shenzhen) Co., Ltd.,<br><br>Vizio, Inc.<br><br>Westinghouse Digital Electronics, LLC,<br><br>                         Defendants. | Civil No.   09cv278-H (CAB)<br><br>**CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br>    **(Fed. R. Civ. P. 16)**<br>    **(Local Rule 16.1)**<br>    **(Fed. R. Civ. P. 26)**<br>    **(Patent Local Rules)** |

On June 16, 2009, the Court held an Early Neutral Evaluation Conference. The case did not settle. Therefore, the Court held a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Patent Local Rules immediately thereafter. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED**:

1. The Parties will make initial disclosures pursuant to Rule 26 no later than **July 7, 2009.** Plaintiff's initial disclosures shall include the production of all license agreements covering the patents-at-issue. Multimedia Patent Trust (MPT) will produce all such agreements in their possession, custody or control. The production may be made confidentially, outside attorneys' eyes only. Production shall include the identification of any agreements entered into by the predecessor(s) in interest to these patents to which MPT is subject. Defendants' initial disclosures shall include the identification of any documents and/or witnesses supporting affirmative defenses other than invalidity under 35 U.S.C. §§102, 103, 112 or 132.

2. The time allotted for percipient witness depositions is as follows:

| Category of Deposition | Time Allotted |
| --- | --- |
| MPT's 30(b)(6) of Defendant's document custodians | 5 hours per defendant group |
| Defendant's 30(b)(6) of MPT's document custodians | 5 hours total |
| Defendants' 30(b)(1) and 30(b)(6) of MPT on common issues | 50 hours total |
| Defendants' 30(b)(1) and 30(b)(6) of MPT on individualized issues | 10 hours per defendant group |
| MPT's 30(b)(1) and 30(b)(6) of defendants | 50 hours per defendant group |
| MPT's depositions of third-parties | 100 hours total |
| Defendants' depositions of third-parties | 35 hours per defendant group |

The Parties may seek leave for additional time for good cause.

3. The parties' proposal regarding expert discovery is adopted and the parties will present an proposal regarding the scheduling of expert witness depositions after the service of expert reports.

4. The parties' proposal regarding service limitations on Interrogatories, Requests for Admission, and Third Party Subpoenas and procedures for Document Production is adopted.

5. **Disclosure of Asserted Claims and Preliminary Infringement Contentions.** On or before **July 14, 2009**, Plaintiff shall serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party[1], the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" must contain the following information:

   a. Each claim of each patent in the suit that is allegedly infringed by each opposing party;

   b. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

   c. A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

   d. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

   e. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

---

[1] Plaintiff's preliminary infringement document contentions for Defendants Imation, Memorex and Proview shall be made no later than **July 30, 2009**.

  f. If a party claiming patent infringement asserts that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

  6. **Document Production Accompanying Disclosure.**  With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party, or make available for inspection and copying, the following documents in the possession, custody and/or control of that party:

  a. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit.  A party's production of a document as required herein does not constitute an admission that such document evidences or is prior art under 35 U.S.C. §102;

  b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3.1(e), whichever is earlier; and

  c. A copy of the file history for each patent in suit and each application to which a claim for priority is made under Patent L.R. 3.1(e).

 The producing party must separately identify by production number which documents correspond to each category.

 The party claiming patent infringement is required to use its best efforts to obtain the documents to make a timely disclosure if the documents identified above are not in the possession, custody and/or control of that party.

  7. **Preliminary Invalidity Contentions.**  On or before **September 14, 2009**, Defendants shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

      a.    The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. This includes information about any alleged knowledge or use of the invention in this country prior to the date of invention of the patent. Each prior art patent must be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. §102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. §102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. §102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

      b.    Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination must be identified;

      c.    A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

      d.    Any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(2) of any of the asserted claims; and,

      e.    Any grounds of invalidity based on lack of written description, lack of enabling disclosure, or failure to disclose the best mode under 35 U.S.C. §112(1).

8.    **Document Production Accompanying Preliminary Invalidity Contentions.** With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

      a.    Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in the "Disclosure of Asserted Claims and Preliminary Infringement Contentions;"

      b.    A copy of each item of prior art identified in the Preliminary Invalidity Contentions, which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

9. **Exchange of Proposed Claim Constructions and Extrinsic Evidence.**

      a.    On or before **September 28, 2009**, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties have identified for claim construction purposes. Each such "Preliminary Claim Construction" will also for each element which any party contends is governed by 35 U.S.C. §112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

      b.    At the same time the parties exchange their respective "Preliminary Claim Constructions," they must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness' proposed testimony.

      c.    On or before **October 26, 2009**, the parties shall simultaneously exchange "Responsive Claim Constructions" identifying whether the responding party agrees with the other party's proposed construction, or identify an alternate construction in the responding party's preliminary construction, or set forth the responding party's alternate construction.

      d.    At the same time the parties exchange their respective "Responsive Claim Constructions," they must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support any responsive claim constructions. The parties

must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness' proposed testimony.

    e. The parties must thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement.

10. **Joint Claim Construction Chart, Worksheet and Hearing Statement.** On or before **November 16, 2009**, the parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement.

    a. The Joint Claim Construction Chart must have a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. Each party's proposed construction of each disputed claim term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

    b. The parties Joint Claim Construction Worksheet must be in the format set forth in **Appendix A** and include any proposed constructions to which the parties agree, as well as those in dispute. The parties must jointly submit the Joint Claim Construction Worksheet on computer disk in both Word and Wordperfect format or in such other format as the court may direct.

    c. The Joint Hearing Statement must include:

        1. The anticipated length of time necessary for the Claim Construction Hearing; and

        2. Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

        d.     At the Court's discretion, within five calendar days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement, the Court will hold a status conference with the parties, in person or by telephone, to discuss the schedule, witnesses and any other matters regarding the Claim Construction Hearing.

    11.    **Completion of Claim Construction Discovery.**  The parties shall complete all discovery, including any depositions of any witnesses, including experts, the parties intend to use in the Claim Construction Hearing by **December 21, 2009**. Fed. R. Civ. P. 30 applies to depositions, except as to experts. An expert witness identified in a party's Joint Hearing Statement may be deposed on claim construction issues. The identification of said expert in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues.

    12.    **Claim Construction Briefs.**

        a.     On or before **January 25, 2010**, the parties shall simultaneously file and serve opening briefs and any evidence supporting their claim construction.

        b.     On or before **February 22, 1010**, the parties shall simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.

    13.    **Claim Construction Hearing.**  On **March 19, 2010**, at **9:00 a.m.**, the **Honorable Marilyn L. Huff** will conduct a Claim Construction Hearing, to the extent that parties or the court believe a hearing is necessary for construction of the claims at issue.

    14.    **Final Contentions.**  Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" will be deemed to be that party's final contentions, except as set forth below.

        a.     If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions."

        b.     Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without

leave of court that amend its "Preliminary Invalidity Contentions" if: i) a party claiming patent infringement has served "Final Infringement Contentions," or ii) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

15. **Amendment to Contentions.** Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in the section above, may be made only by order of the court, which will be entered only upon a showing of good cause.

16. **Opinion of Counsel.** Not later than 30 days after filing of the Claim Construction Order, each party opposing a claim of patent infringement that will rely on an opinion must:

   a. Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

   b. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party opposing a claim of patent infringement who does not comply with this requirement will not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

17. On or before **May 14, 2010**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial pursuant to Fed. R. Civ. P. 26(a)(2)(A). The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before **June 4, 2010**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

18. All fact discovery shall be completed on or before **June 30, 2010**. All expert discovery shall be completed on or before **October 8, 2010**. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of

the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. Counsel shall refer to Judge Bencivengo's chambers rules for handling discovery disputes, which are available at the Court's website.

19. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than July 30, 2010**, containing the information required by Fed. R. Civ. P. 26(a)(2)(B).

**Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

20. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **August 20, 2010**. Any surreply reports are due on or before **August 27, 2010**.

21. All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED SO AS TO BE HEARD** on or before **November 19, 2010**. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one judge to another. Please plan accordingly. For example, you should contact the judge's law clerk in advance of the motion cut-off to calendar the motion. Failure to make a timely request for a motion date may result in the motion not being heard.

      Briefs or memoranda in support of or in opposition to any pending motion shall not exceed 25 pages in length without permission of the judge who will hear the motion.  No reply memorandum shall exceed 10 pages without leave of the judge who will hear the motion.

      22.    The final pretrial conference shall be held before the **Honorable Marilyn L. Huff**, United States District Judge, on **January 24, 2011**, at **10:30 a.m.**

      23.    The dates and times set forth herein will not be modified except for good cause shown.

      24.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

DATED:  June 19, 2009

 

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

APPENDIX A

APPROVED FORM OF

JOINT CLAIM CONSTRUCTION WORKSHEET

CLAIM CONSTRUCTION WORKSHEET

| PATENT CLAIM | AGREED PROPOSED CONSTRUCTION | PLAINTIFF'S PROPOSED CONSTRUCTION | DEFENDANT'S PROPOSED CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|---|
| 1. Claim language as it appears in the patent **with terms and phrases to be construed in bold**. | Proposed construction if the parties agree. | Plaintiff's proposed construction if parties disagree. | Defendant's proposed construction if parties disagree. | Blank column for Court to enter its construction. |
| 2. Claim language as it appears in the patent **with terms and phrases to be construed in bold**. | Proposed construction if the parties agree. | Plaintiff's proposed construction if parties disagree. | Defendant's proposed construction if parties disagree. | Blank column for Court to enter its construction. |
| 3. Claim language as it appears in the patent **with terms and phrases to be construed in bold**. | Proposed construction if the parties agree. | Plaintiff's proposed construction if parties disagree. | Defendant's proposed construction if parties disagree. | Blank column for Court to enter its construction. |