UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTIMEDIA PATENT TRUST,<br><br>                          Plaintiff,<br><br>      v.<br><br>DIRECTV, Inc., DIRECTV Enterprises, LLC, The DIRECTV Group, Inc., DIRECTV Holdings LLC, DIRECTV Operations, LLC; et al.<br><br>                         Defendants. | Civil No.   09cv0278-H (CAB)<br><br>**ORDER DENYING THIRD PARTY AMBARELLA INC.'S MOTION FOR A PROTECTIVE ORDER**<br>**[Doc. No. 377]** |

Before the Court is third party Ambarella, Inc.'s motion to enforce the terms of the Source Code Protective Order against plaintiff Multimedia Patent Trust ("MPT"). [Doc. No. 377.] MPT filed an initial response [Doc. No. 378] and a supplemental opposition [Doc. No. 387], Ambarella filed a reply [Doc. No. 456]. The Court heard argument on August 22, 2011. Nathan Cummings, Esq., and Phil Morton, Esq., appeared for MPT. Kimberly P. Zapata, Esq., appeared for Ambarella. Joseph Reid, Esq., appeared for defendant DirecTV. Ryan McCrumb, Esq., appeared for defendant Vizio. Having considered the submissions of the parties and the arguments of counsel, the motion is **DENIED**.

MPT subpoenaed documents from third-party Ambarella regarding the design, architecture, operation, etc., of processors manufactured by Ambarella that are incorporated in the video encoding equipment defendant DirecTV uses and sells which are accused of infringement of MPT's patents. Ambarella agreed to make source code files available for inspection subject to a Protective Order [Doc. No. 357] entered by this Court. Recognizing the highly proprietary and confidential nature of the source

code files being produced, the parties agreed that the files would be provided for review on locked-down, non-networked, stand-alone computers at the offices of Ambarella's counsel. Counsel for MPT and MPT's expert consultant could review the files and could print a paper copy of portions of the Source Code as reasonably necessary to prepare court filings, pleadings or papers, including infringement contentions, expert reports or as deposition exhibits.

Specifically the Protective Order prohibits "wholesale printing." "The receiving party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer." [Doc. No. 357, ¶4.c.] MPT is further limited to a paper copy of the code; no electronic reproductions can be made. A maximum of five additional papers copies can be made for internal use only and the code must be secured when not in use.

Beginning on May 23, 2011, MPT's counsel and consultant spent a week reviewing the Ambarella code in accordance with the terms of the Protective Order. Approximately 85 files of verilog code were provided for inspection. Following its review, MPT printed copies of 67 files it represents are reasonably necessary to the preparation of its case. Ambarella will not produce the printed files and contends the requested files violate the "wholesale printing" prohibition and put its confidential information at risk of inadvertent disclosure. Ambarella contends that the Protective Order anticipated MPT requesting lines of code following the review for paper reproduction, not entire code files.

MPT responds that it followed the terms of the Protective Order. MPT reviewed the files at the offices of Ambarella's counsel and made a determination that 67 of the 85 files are reasonably necessary to the preparation of its case. The files represent distinct independent hardware modules that cross-reference other structures, functions, etc., and cannot be understood or read without reference to the other portions of the module in the file. [Doc. No. 387 at 7.] The Court appreciates Ambarella's legitimate concerns about the control and confidentiality of its source code. The terms of the Protective Order limit the nature and number of copies MPT can make of the files after review. The order however does not limit the reviewing party to just lines of code, but to the code it deems reasonably necessary for preparation of its case after review of Ambarella's responsive production.

MPT has represented that the files selected for reproduction are reasonably necessary to its case preparation. Other than the volume of materials selected, no showing has been made to contradict that representation. The motion is **DENIED** and the documents selected by MPT shall be provided forthwith. Given the volume however and Ambarella's concerns about control of this very sensitive information, the Court directs **that no later than 30 days** after the production to MPT, MPT will return or certify that it has destroyed any of the requested files it determines are not reasonably necessary for its case preparation based on its continued review and analysis.

DATED: August 24, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge